DMB:MBM
F.#2010R01272

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**M-10-124**

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

LIN MUN POO,

              Defendant.

- - - - - - - - - - - - - - - -X

<u>COMPLAINT</u>

(18 U.S.C. § 1029(a)(2))

EASTERN DISTRICT OF NEW YORK, SS:

       JEROME J. COMBS, Jr., being duly sworn, deposes and states that he is a Special Agent of the United States Secret Service ("Secret Service") duly appointed according to law and acting as such.

       Upon information and belief, in or about and between September 2010 and October 21, 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant LIN MUN POO did knowingly and with intent to defraud produce, use and traffic in one or more unauthorized access devices, and by such conduct did obtain $1,000 or more during that period.

       (Title 18, United States Code, Section 1029(a)(2))

       The source of your deponent's information and the grounds for his belief are as follows:

       1.    I have been a Special Agent with the United States Secret Service ("Secret Service") for approximately two years, and I am currently assigned to the Electronic Crimes Task Force.

In the course of my tenure with the Secret Service, I have been involved in investigations of access device fraud and computer trespassing and intrusion, known colloquially as "hacking." In the course of those and other investigations, I have conducted physical surveillance, executed search warrants, debriefed cooperating witnesses, reviewed computer records, and secured other relevant information using other investigative techniques.

2.   I have personally participated in the investigation of the offenses discussed below. I am familiar with the facts and circumstances of this investigation from: (a) my personal participation in this investigation, (b) reports made to me by other law enforcement authorities, (c) information obtained from confidential sources of information, and (d) other information obtained from United States and foreign law enforcement authorities.

3.   Except where set forth below, I have not distinguished in this affidavit between facts of which I have personal knowledge and facts of which I have knowledge through others. Because this affidavit is being submitted for the limited purpose of establishing probable cause for the arrest of the defendant, I have not set forth each and every fact learned during the course of this investigation. Instead, I have set forth only those facts necessary to establish probable cause for his arrest. Where statements of others are set forth, they are set forth in substance and in part.

4.    The Secret Service is investigating the
compromises of online servers belonging to certain financial
institutions.  As part of this investigation, an undercover agent
(the "UC") has posed as a "carder," that is, one who withdraws
money from automated teller machines ("ATMs") using stolen debit
and credit card information.

5.    On or about October 21, 2010, the UC met with the
defendant LIN MUN POO in Queens, New York for the purpose of
purchasing access devices from the defendant.  At the time of the
meeting, the defendant had a laptop computer in his possession.
The UC offered to pay the defendant $1,000 for 30 active credit
and/or debit card numbers.  The defendant agreed, and thereupon
downloaded approximately 31 card numbers from the laptop onto a
thumb drive.  The defendant then provided the thumb drive to the
UC in exchange for $1,000.

6.    In response to an inquiry by the Secret Service,
Visa, Inc. has confirmed that the 31 credit and/or debit card
numbers provided by the defendant to the UC are in fact valid
access devices.

7.    Following the transaction, the defendant LIN MUN
POO was arrested by Secret Service special agents.  A search of
his laptop computer, conducted pursuant to a search warrant,
revealed files containing what appeared to be thousands of stolen
credit and/or debit card numbers, as well as logs indicating that
the defendant had infiltrated servers belonging to various
financial institutions.

4

8.   The defendant was read his Miranda warnings, which he waived.  The defendant then stated, in sum and substance, that he had obtained the approximately 31 access devices that he had sold to the UC by compromising a foreign bank in or about September 2010.

WHEREFORE, your deponent respectfully requests that the defendant LIN MUN POO may be dealt with according to law.

JEROME J. COMBS, Jr.
Special Agent
USSS

Sworn to before me this
__22nd day of October, 2010__

'RELSKY
'GE